OPINION
{¶ 1} Curtis E. Twitty is appealing from his convictions after a trial to the court of aggravated menacing, assault, and resisting arrest.
 {¶ 2} He was sentenced to two terms of 180 days each in jail for the aggravated menacing and assault charges, to be served concurrently, and 90 consecutive days for the resisting arrest charge.
 {¶ 3} His sole assignment of error submitted by his counsel on appeal is:
 {¶ 4} "The trial court erred by denying curtis twitty's Rule 29 motion for acquittal, as the conviction is against the manifest weight of the evidence."
 {¶ 5} We note from reading the transcript of the triathat his counsel submitted a Rule 29 motion only as to the aggravated menacing charge, but we will treat the appeal as one from all three charges.
 {¶ 6} When a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact sees and hears the witnesses and is particularly competent to decide "whether, and to what extent, to credit the testimony of particular witnesses," we must afford substantial deference to its determinations of credibility. State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288, unreported. A judgment should be reversed as being against the manifest weight of the evidence only in exceptional circumstances. Martin, supra, at 175.
 {¶ 7} At the trial, the victim of the assault, Gwendolyn Sharpe, testified that Twitty attacked her in the Unicorn Bar, 100 E. Third Street in Dayton, Ohio, on the night of May 3, 2003, by hitting her face and threatening to "beat me down." (Tr. 21). Her testimony was somewhat corroborated by Officer Kielbaso who was at the bar when dispatched on another incident when he testified that he observed her injuries on her face and neck. The defendant and his girlfriend, Janicka Herron, testified that Twitty did indeed shove Gwendolyn away, but did not hit her and never made any threats to her. Officer Kielbaso testified in some detail about Twitty's attempts to resist arrest, even at the point where he had to pepper spray Twitty to get him to submit. (Tr. 7-9). The officer also testified that Twitty had threatened him and his partner at the scene with very specific language.
 {¶ 8} Here again we have the classic case of a trial court having to choose between two conflicting sets of testimony. As we stated earlier, we must afford substantial deference to a trial court's determination of credibility. Lawson, supra.
 {¶ 9} It is settled law that credibility is for the trier of the facts and "where there exists competent and credible evidence supporting the findings and conclusions of the trial court, deference to such findings and conclusions must be given by the reviewing court." Myers v.Garson (1993), 66 Ohio St.3d 610, 614. As the Supreme Court of Ohio observed in Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, at 80: "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Such deference is particularly important in light of research that indicates that as much as "ninety percent of the total meaning of testimony is interpreted through non-verbal behavior, such as voice inflection, hand gestures, and the overall visual demeanor of the witness. The witness' choice of words accounts for only ten percent of the meaning of their testimony." State v. Evans (1993),67 Ohio St.3d 405, 410-411.
 {¶ 10} The issue in this case is clearly one of credibility, as both counsel for the State and defense counsel agreed. (Tr. 45, 46).
 {¶ 11} The Supreme Court of Ohio has stated: "[w]here reasonable minds can reach different conclusions upon conflicting evidence, determination as to what occurred is a question for the trier of fact."State v. Jenks (1991), 61 Ohio St.3d 259, 279. Moreover, a credibility call between conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its judgment for that of the finder of fact. State v. Awan (1986), 22 Ohio St.3d 120, 123.
 {¶ 12} The assignment of error that the convictions are against the manifest weight of the evidence is overruled, and the judgment is affirmed.
 . . . . . . . . . .
Brogan, J. and Grady, J., concur.